IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


ROBERT LEE BRANDON,

      Petitioner,

v.                                     CASE NO. 5:09-cv-235-RS-AK

WALTER A. MCNEIL,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by

Robert Lee Brandon.  The Court has granted Petitioner leave to proceed IFP.

This is the second habeas petition attacking convictions from the Circuit Court of

Calhoun County, Florida, which Petitioner has filed.  In the first, Cause No. 5:08cv234-RS-MD

(N.D. Fla.) (*Brandon* I), Petitioner survived a motion to dismiss on timeliness grounds, the Court

concluding that the "petition [filed on July 16, 2008] is timely as it was filed 339 days after

petitioner's conviction became final under § 2244(d)(1)(A)." *Brandon* I at Docs. 26 & 28.  A

few weeks after Respondent filed his answer in *Brandon* I, Petitioner filed a notice of voluntary

dismissal, which the Court interpreted as a motion for voluntary dismissal.  Doc. 42.  Before

ruling on the motion, however, the Court advised Petitioner that one of the consequences of

voluntarily dismissing his habeas petition was that "even if this court dismisses this action

without prejudice, such dismissal would not insulate a new petition from application of one or more of the limitations provided in 28 U.S.C. § 2244, including the one-year limitations period." *Id*. It therefore gave him an additional opportunity to consider whether he really wanted to dismiss the petition or simply amend it. *Id*. Petitioner took no action on the Court's order, and the Court issued a Report and Recommendation recommending that the motion for voluntary dismissal be granted and the case be dismissed without prejudice. Doc. 43. Rather than file objections to the R&R or to take any other actions to amend the petition in *Brandon* I, Petitioner filed the instant petition on July 8, 2009. On July 29, 2009, the Court adopted the R&R in *Brandon* I and dismissed the case without prejudice. Doc. 44.

At the time Petitioner filed *Brandon* I, he only had 24 days left on the one-year statute of limitations for seeking relief in this Court. While that short window was enough to save *Brandon* I, it is not enough to save the instant petition, as the one-year statute of limitations continued to run unabated during the entire time that *Brandon* I. *See Duncan v. Walker*, 533 U.S. 167 (2001) (application for federal habeas corpus review is not application for state post-conviction or other collateral review, and thus, time for filing federal habeas petition is not tolled during pendency of petitioner's first federal habeas petition). Thus, the instant petition was untimely filed, as it was filed more than 365 days after Petitioner's conviction became final.

The Court warned Petitioner in *Brandon* I that any new petition would not be insulated from the application of the one-year statute of limitations, and therefore, equitable tolling does not save the petition from dismissal. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th

Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). the statute of

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of August, 2009.

s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**